IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**LORENZO LARON JONES**,　　　　　　　　　Case No. 3:19-cr-00333-MO-4

　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

　　　　Defendant.

**MOSMAN, J.**,

　　　　This matter comes before me by way of the Government's Motion for Joinder [ECF 105]. Defendant opposes the motion for the reasons addressed below. Upon review, I agree that joinder is proper in this case and GRANT the motion.

### FACTUAL BACKGROUND

　　　　Defendant in this case has been indicted on the following charges: (1) Racketeering Conspiracy ("RICO"), alleging a date range of starting no later than June 22, 1989, to the date of the third superseding indictment, January 20, 2020; (2) Murder in Aid of Racketeering; (3) Using and Carrying a Firearm During a Crime of Violence; (4) Causing Death Through Use of a Firearm;

(5) Murder in Aid of Racketeering; (6) Using and Carrying a Firearm During a Crime of Violence; and (7) Causing Death Through Use of a Firearm. Gov't. Mot. [105] at 4 (citing Third Superseding Indict [ECF 74]).

1 – OPINION AND ORDER

In a separate case, No. 3:18-cr-00434-MO ("Firearms Case"), Defendant was previously indicted on three counts of Felon in Possession of a Firearm. Indictment, Firearms Case [ECF 2]. Those charges stem from Defendant's alleged possession of three guns: a Smith & Wesson 9 mm found in Defendant's car, and a Glock .40 caliber handgun and a Kel-Tec 9 mm, both found in the home of Defendant's girlfriend. Gov't. Mot. [105] at 3-4. Police seized the Smith & Wesson during Defendant's arrest for the murder that constitutes Overt Act No. 37 in the RICO indictment in this case, and the Glock and the Kel-Tec are both linked to Overt Act No. 38, as described in the indictment. Gov't. Mot. [105] at 5. The guns are factually linked to other overt acts as well. *Id.* at 4-5.

The Government filed the motion at issue here, as well as a Motion for Joinder in the Firearms Case, [ECF 35], in order to combine the cases and resolve them simultaneously.

## DISCUSSION

Joinder of charges is governed by Federal Rules of Criminal Procedure 8 and 13. FRCP 13 governs the joinder of separate cases for trial. It provides: "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." FRCP 8(a) governs whether offenses could be joined in a single indictment. It states:

> "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

In other words, if the parameters of FRCP 8(a) are met, the cases may be tried together as if they had been brought in one indictment from the outset.[1]

---

[1] The provisions of FRCP 8(b) must also be met, but I believe the joinder of offenses is the most salient question in this case and focus the majority of this opinion on that question.

On these facts, the felon-in-possession charges overlap with the RICO (and related) charges against Defendant in all three ways contemplated by FRCP 8(a). First, they are of the same or similar character, in that the Firearms Case alleges possession of several firearms, and the RICO charges allege murder with a firearm. In addition, one of those firearms was seized during the arrest of Defendant for the alleged murder, and two were seized from the residence that Jones visited several times during the time period surrounding the alleged homicide. Mot. [105] at 7. Second, they are "based on the same act or transaction" and are connected with a common scheme or plan, as shown by the fact that many of the overt acts allege the possession of the guns alleged in the Firearms Case indictment. In other words, the two indictments together allege that Defendant possessed the listed firearms during and in furtherance of the RICO conspiracy and related alleged crimes. That connection is sufficient to support joinder of the two cases.

Defendant objects to joinder on three grounds. *See generally* Def.'s Resp. [ECF 108]. I address each objection briefly below. Upon review, I do not believe that any of the concerns raised is sufficient to defeat the Government's argument in favor of joinder.

### I.      Prejudice to Defendant

Defendant argues that joinder of the cases would cause him prejudice because inclusion of the felon-in-possession charges requires that evidence of his past felony convictions be admissible, and a jury could improperly consider the evidence of a prior conviction when deliberating about the other felony charges, "i.e. convict the defendant because he is a 'bad guy' or convict because 'he committed a crime before and probably did this one too.'" *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996); Def.'s Resp. [108] at 8-9. Because of this, the Ninth

3 – OPINION AND ORDER

Circuit—and most, if not all, circuit courts—is presumptively skeptical of joining felon-in-possession charges to other felonies. *Nguyen*, 88 F.3d at 815.

The presumption is not a rule, however, and the Ninth Circuit has identified two factors to consider when determining if joinder is nevertheless appropriate: (1) the strength of the evidence against the defendant, and (2) the nature and efficacy of the methods employed to guard against prejudice. *Id.* at 816-17. Methods that may guard against prejudice include bifurcation, severance, stipulation to past convictions, and (as in *Nguyen*), a limiting instruction to the jury. *Id.* at 815-18. It is also the case that strong evidence of a conspiracy involving the prior bad acts underlying the felon-in-possession charge may outweigh any prejudice created by joinder. *Id.* at 817 (*citing United States v. Von Willie*, 59 F.3d 922, 930 (9th Cir. 1995)).

In this case, both *Nguyen* factors weigh in favor of joinder. First, strong evidence ties the alleged firearms to the alleged RICO conspiracy, including the circumstances of their discovery. Second, as the government notes, Defendant's underlying felonies that provide the basis for the felon-in-possession charges are also alleged as overt acts in the RICO indictment and are therefore admissible at trial. Gov't. Reply [ECF 109] at 2-4. Any prejudice from the admission of the underlying charges is dispelled because the same evidence would have been admissible anyway, not to prove that Defendant is a "bad guy" but to prove an ongoing series of acts taken in furtherance of the alleged conspiracy. The risk that the jury will extrapolate from those facts any conclusion about Defendant's character is no higher with the addition of charges for felon in possession.

Finally, as a precautionary measure, I will issue a limiting instruction at trial which I'm confident the jury can follow. The instruction will tell the jury that it may not consider Defendant's past felonies for any purpose other than as predicate felonies for the felon-in-

possession charge and as overt acts in the conspiracy charge, to the extent they have been found admissible for that purpose. This instruction will guard against any possible prejudice to Defendant that could arise from joinder of his charges.

## II.    Prejudice to Co-Defendants

Defendant also argues that joinder of the charges would result in prejudice to his co-defendants in the RICO case, in contravention of FRCP 8(b). Def.'s Resp. [108] at 15. That rule provides: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Defendant argues that his co-defendants would be at a high risk of being found "guilty by association" if the charges were joined.

The rule itself states that not all defendants must be charged on every count. A jury is capable of understanding an instruction that states that Defendant is the only person on trial who has been charged with that crime, and the underlying felonies cannot be the basis of prejudice to the co-defendants for the same reason described above—they are already charged as overt acts in the RICO indictment. Finally, it is worth noting that the felon-in-possession charges pale in comparison to the RICO and murder charges all four defendants will face at trial. It is highly unlikely that the jury will focus on the possession charges or that those charges could overshadow the RICO-related charges in such a way as to tip the balance. Defendant's argument on this point is fair but ultimately not persuasive.

//

//

5 – OPINION AND ORDER

### III. Defendant's Speedy Trial Rights

Finally, Defendant argues that the joinder of the RICO case and the Firearms Case would have the effect of violating his Sixth Amendment right to a speedy trial and his rights under the Speedy Trial Act. Def.'s Resp. [108] at 12. He argues that he has been in custody for 28 months on the firearm charges and that he is entitled to timely resolution of his dispositive motions in that case and is entitled to a timely trial. *Id*. Joinder, he argues, will require him to remain in custody for many more months—maybe even years— while he awaits resolution of both the firearm and the RICO charges. *Id.* at 13.

Whether Defendant's constitutional and statutory rights to a speedy trial have been violated is a legitimate question in this case, but it is not a decisive factor as to whether the cases should be joined. Rather, Defendant may bring a motion alleging violation of his rights under the Sixth Amendment and the Speedy Trial Act. This is the risk the Government runs by pursuing joinder of these cases. It does not, however, decide the question of joinder.

### CONCLUSION

For the reasons described above, the Government's Motion for Joinder [105] is GRANTED. The Government's Motion for Joinder [ECF 35] in the Firearms Case, No. 3:18-cr-434-MO, is GRANTED as well. All other pending motions in the Firearms Case are DENIED as moot, with leave to refile.

IT IS SO ORDERED.

DATED this __17__ day of June, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

6 – OPINION AND ORDER