IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**LORENZO LARON JONES**,   Case No. 3:19-cr-00333-MO-4

                         Defendant.   OPINION AND ORDER

**MOSMAN, J.**,

      This matter comes before me by way of Defendant's Motion to Modify Conditions of Release [ECF 110]. The Government opposes the motion for the reasons addressed below. Upon review, I DENY the motion.

### FACTUAL BACKGROUND

      Defendant in this case has been indicted on the following charges: (1) Racketeering Conspiracy ("RICO"), alleging a date range of starting no later than June 22, 1989, to the date of the third superseding indictment, January 20, 2020; (2) Murder in Aid of Racketeering; (3) Using and Carrying a Firearm During a Crime of Violence; (4) Causing Death Through Use of a Firearm; (5) Murder in Aid of Racketeering; (6) Using and Carrying a Firearm During a Crime of Violence; and (7) Causing Death Through Use of a Firearm. Gov't. Mot. [105] at 4 (citing Third Superseding Indictment [ECF 74]).

      At the outset of this case, Magistrate Judge Jolie A. Russo ordered Defendant to be detained pending trial. Order of Detention [ECF 62]. He was initially housed in the Columbia

1 – OPINION AND ORDER

County Jail and was transferred to the Federal Correctional Institution, Sheridan ("FCI Sheridan"). Def.'s Mem. [ECF 110-1] at 2-3. Defendant was relocated after Columbia County officials decided they lacked the capacity to house him for a variety of reasons that included security concerns and an inability to meet the needs of an inmate being held on capital charges. Pixley Decl. [ECF 115-2] at 2-4. County Sheriff Brian Pixley made this decision after county staff and defense counsel had a series of conversations and disagreements relating to two primary issues: (1) the decision to shackle Defendant when he met with his attorneys and (2) the rules surrounding attorney-client visits, including use of a non-audio security camera and the jail's policy against any physical contact. *See, e.g.*, Def.'s Mem. [110-1] at 2-8; County Resp. [ECF 115] at 2-6. Pixley ultimately decided that accommodating defense counsel's requests put an untenable strain on the jail's resources and created a series of security concerns that justified transferring Defendant away from Columbia County. Pixley Decl. [115-2] at 2-4. He is now housed at FCI Sheridan in its Special Housing Unit (SHU), which imposes stringent limits on his movement and freedom. Def.'s Mem. [110-1] at 7-8.

## DISCUSSION

Defendant's motion ostensibly seeks to persuade me to order him back to Columbia County. Def.'s Mem. [110-1] at 2. His legal argument, however, focuses on three entirely distinct issues and seeks remedies apart from relocation. First, he requests an injunction barring Columbia County from shackling him during visits with legal counsel. *Id*. at 23. Second, he requests that I enjoin Columbia County's policy against physical interaction between attorneys and their clients. *Id*. Both of these arguments are specious on their merits and are likely improper in this procedural posture because they should be brought as civil claims under 42 U.S.C. § 1983.

2 – OPINION AND ORDER

Regardless, they are both moot because Defendant is no longer in the custody of Columbia County and cannot seek to enjoin policies that no longer apply to him.

Third, Defendant seeks an order requiring the Federal Department of Corrections to explain in writing why he has been placed in the SHU and for a 30-day review of his placement there. *Id*. at 30; *see* 28 C.F.R. § 541.26(c). However, Defendant has not provided any proof that he has exhausted the administrative remedies that are meant to address this request. *See* 28 C.F.R. § 541.26(d). His claim is therefore not properly before me, and I decline to order the relief that he seeks.

Finally, I do not have the authority to return Defendant to Columbia County, for two reasons. First, I lack the authority to order the U.S. Marshals Service to place Defendant in any particular facility. I can make recommendations, but that decision is left to the discretion of the Attorney General and, by extension, the Marshals. 28 U.S.C. § 3142(i)(2) (placing pre-trial detainees in the custody of the Attorney General); 28 CFR § 0.111(k) (delegating custody of federal prisoners to the U.S. Marshals); *see* Gov't. Resp. [ECF 117] at 4-5. Second, I cannot order Columbia County to house a federal prisoner because, as the County argues, the State of Oregon has not consented to house federal prisoners and the Tenth Amendment of the U.S. Constitution prohibits me from forcing it to. County Resp. [115] at 7-8. And as, as the County also correctly argues, the housing of federal prisoners in the Columbia County jail is governed by a contract between the County and the Marshals, neither of whom is a party to this motion or this criminal matter, and it is beyond my authority to interfere with that contract. *Id*. at 8-9.

As for Defendant's argument that his removal was retaliation for exercising his constitutional rights, I decline to address it. That argument is properly raised as a § 1983 claim, and as I cannot grant any of the remedies he has requested, it is immaterial to this motion.

3 – OPINION AND ORDER

I do, however, recommend that the Marshals consider moving Defendant to a local facility in the Portland metro area immediately before and during his trial. Defendant is charged with serious crimes that will require significant preparation time with his attorneys, and a local placement will allow Defendant the access to his attorneys that is necessary to prepare his defense.

## CONCLUSION

For the reasons stated in this order, Defendant's Motion to Modify Conditions of Release [110] is DENIED.

IT IS SO ORDERED.

DATED this   13   day of July, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge