**RYAN T. O'CONNOR, OSB No. 053353**
O'Connor Weber LLC
1500 SW First Avenue, Suite 1090
Portland, OR 97201
Ph: (503) 226-0923
Email: ryan@oconnorweber.com

**RICHARD L. WOLF, OSB No. 873719**
Attorney at Law
12940 NW Marina Way
Portland, Oregon 97231
Ph: (503) 384-0910
Email: richardlwolf@att.net

Attorneys for Defendant Lorenzo Jones

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
OREGON

Portland Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**LORENZO LARON JONES,**<br><br>**Defendant.** | Case Nos. 3:19-cr-00333-IM<br>3:22-cr-00137-IM<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO RECUSE THE HONORABLE KARIN J. IMMERGUT FROM PRESIDING OVER THESE CASES** |

I, Richard L. Wolf, hereby state under penalty of perjury under the law of

the United States of America pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my information and belief:

1. Case No. 3:19-cr-00333 was originally filed on August 22, 2019 and assigned to the Honorable Michael W. Mosman. (ECF 9).

2. Lorenzo Laron Jones first appeared on November 7, 2019 and was ordered detained on the case. Mr. Jones remains in pretrial custody at the Multnomah County Detention Center (hereinafter MCDC). (ECF 61-62).

3. I was appointed by the Court to represent defendant Mr. Jones in case 3:19-cr-00333-MO as Learned Counsel on November 19, 2019. Mr. Ryan T. O'Connor was appointed to represent Mr. Jones on November 25, 2019. (ECF 69-70).

4. Trial is currently scheduled for August 22, 2022.

5. Judge Mosman assumed senior status on December 27, 2021.

6. Case No. 3:19-cr-00333 was reassigned to the Honorable Karin J. Immergut on January 11, 2022. (ECF 250).

7. Mr. Jones was charged on April 25, 2007 in Case No. 3:07-cr-00168-MO with one count of being a felon in possession of a firearm and Judge Mosman was assigned to preside over the case the following day. (ECF 1-2). This prosecution stemmed from an August 8, 2005, shooting incident alleging the firing of over 50 rounds of ammunition near the Vue

Nightclub in downtown Portland, Oregon and resulted in the death of Adrian Bible.

8. On June 11, 2007, the government, through United States Attorney Immergut, filed a notice of sentencing enhancement alleging Mr. Jones was an armed career criminal. (ECF 3).

9. Mr. Jones was represented by throughout the trial proceedings in Case No. 3:07-cr-00168-MO by Steven T. Wax, the Federal Public Defender for the District of Oregon.

10. Mr. Jones's trial in Case No. 3:07-cr-00168-MO commenced on January 8, 2008 and he was convicted on January 11, 2008 (ECF 91, 94, 97, 98).

11. Mr. Jones was sentenced as an armed career criminal on May 13, 2008, to 262 months in prison. (ECF 114, 115, 116).

12. Mr. Jones's conviction and sentence in Case No. 3:07-cr-00168-MO were affirmed by the United States Court of Appeals for the Ninth Circuit on December 29, 2009. (ECF 132).

13. Mr. Jones filed a motion to vacate or correct sentence under 28 U.S.C. §2255 on May 28, 2013. Civil case 3:13-cv-00885-MO was opened to litigate the motion to vacate or correct the sentence. (ECF 133).

14. Mr. Jones's motion to vacate or correct sentence was denied by Judge Mosman on August 4, 2014, and a certificate of appealability was denied.

(ECF 182).

15. On December 15, 2014, the United States Court of Appeals for the Ninth Circuit denied Mr. Jones's certificate of appealability and dismissed his appeal. (ECF 184).

16. Represented by Michael R. Levine, Mr. Jones petitioned the Supreme Court for a writ of *certiorari* and on June 30, 2015, in Case No. 14-8903, the Court granted the writ and issued the following order and judgment.

> "Motion to proceed in *forma pauperis* and petition for a writ of *certiorari* GRANTED. Judgment VACATED and case REMANDED for further consideration in light of *Johnson v. United States*, 576 U. S. ___ (2015). Justice Alito concurring in the decision to grant, vacate, and remand in this case. Following the recommendation of the Solicitor General, the Court has held the petition in this and many other cases pending the decision in *Johnson v. United States*, 576 U. S. ____[591] (2015). In holding these petitions and now in vacating and remanding the decisions below in these cases, the Court has not differentiated between cases in which the petitioners would be entitled to relief if the Court held (as it now has) that the residual clause of the Armed Career Criminal Act of 1984, 18 U. S. C. Sec. 924(e)(2)(B)(ii), is void for vagueness and cases in which relief would not be warranted for a procedural reason. On remand, the Court of Appeals should understand that the Court's disposition of this petition does not reflect any view regarding petitioner's entitlement to relief." (ECF 186-187).

17. On December 1, 2015, the United States Court of Appeals for the Ninth Circuit issued a mandate vacating the judgment of the district court and remanding Mr. Jones's case for resentencing in light of *Johnson v. United States*, 576 U.S. 591 (2015). (ECF 189).

18. On March 31, 2016, Judge Mosman resentenced Mr. Jones to "time served" and Mr. Jones was released shortly thereafter (after "a bed becomes available at a residential reentry center in Eugene, Oregon.") on supervised release for five (5) years. (ECF 211, 212, 213).

19. Judge Immergut served as United States Attorney for the District of Oregon from approximately 2003 until 2009.

20. On March 16, 2008, the *Oregonian* published on page C1, an article headlined, "Task Force Gives Cops Muscle to Hit Gangs." In that article a prosecution of alleged Hoover Crip gang members by United States Attorney Immergut was discussed involving the federal prosecution of several Portland Hoover Crip members for charges alleging a plan to commit armed home invasion robberies in Vancouver, Washington. United States Attorney Immergut is quoted in that article as saying, "Being able to prevent that crime was huge." See Exhibit 1.

21. On June 14, 2022, your Declarant was involved in a videoconference with former Federal Public Defender Steven T. Wax in his capacity as director of the Oregon innocence Project in connection with a state court case unrelated to Mr. Jones's case. Before other participants joined the videoconference, your Declarant and Mr. Wax were discussing Mr.

Jones's case. Your Declarant and Mr. Wax had engaged in previous conversations concerning Mr. Jones prior to the time Judge Immergut had been assigned the case. Your Declarant advised Mr. Wax, who is in Northeastern Pennsylvania for the summer, that Judge Mosman had assumed senior status and Judge Immergut had been assigned to Mr. Jones's case. Mr. Wax asked your Declarant, "How can Judge Immergut preside over Mr. Jones's case given that she was United States Attorney when I represented him?" Your Declarant responded that neither me nor Mr. O'Connor had considered that issue since the case had been assigned to Judge Immergut and that we would investigate the issue forthwith.

22. On June 16, 2022, the attorneys for Mr. Jones and Mr. Rhodes met with the government to review trial exhibits and to determine objections or lack thereof to the same. Among the exhibits the government proposes to present at trial are exhibits 63-74, all involving the August 8, 2005, shooting incident in downtown Portland and Mr. Jones's resulting FIP conviction stemming therefrom.

23. At the conclusion of the exhibit review meeting on June 16, 2022, your Declarant advised the government of the discussion with Mr. Wax described in paragraph 21 above, and of our intention to file a motion to recuse Judge Immergut from presiding over Mr. Jones's cases.

Page 6 of 7 DECLARATION OF RICHARD L. WOLF IN SUPPORT OF MOTION TO RECUSE THE HONORABLE KARIN J. IMMERGUT FROM PRESIDING OVER THESE CASES

24. On Friday, June 17, 2022, your Declarant sent the government a copy of *United States v. Arnpriester*, 37 F.3d 466 (9th Cir. 1994) and suggested that although the defense was still in the preliminary stages of its research on this issue, the *Arnpriester* case seemed dispositive on the issue of recusal and if the government agreed with that assessment, then it might take steps to avoid another unnecessary transcontinental trip by Agent Smith. The government promptly replied that it disagreed with the defense's reading of the *Arnpriester* case and hoped to proceed with the *Daubert* hearing on June 22, 2022.

Further, your Declarant sayeth not.

Respectfully submitted on June 21, 2022.

/s/ Richard L. Wolf

Richard L. Wolf, OSB No. 873719
Richard L. Wolf, P.C.
12940 NW Marina Way
Portland, OR 97231
(503) 384-0910
richardlwolf@att.net

Attorney for Defendant Lorenzo Jones